Case 4:24-cv-00244-ALM   Document 3   Filed 03/19/24   Page 1 of 8 PageID #:  60

FILED
2/2/2024 12:59 PM
Kelly Ashmore
District Clerk
Grayson County

CV-24-1056

Cause No. _____

| | | |
|---|---|---|
| **Fulbelli's Restaurant L.P.** | § | **In the District Court of** |
| *Plaintiff* | § | |
| | § | |
| vs. | § | **Grayson County, Texas** |
| | § | Grayson County - 59th District Court |
| **AmTrust Insurance Company** | § | _____ **Judicial District Court** |
| *Defendant* | § | |

**Plaintiff's Original Petition**

**To the Honorable Judge of Said Court**:

**Now Comes,** Fulbelli's Restaurant L.P. ("Plaintiff") and files its Original Petition against AMTRUST Insurance Company ("AMTRUST" or "Defendant") and would respectfully show the following:

**Rule 194 Discovery Level II Control Plan**

1. Plaintiff intends for discovery to be conducted under Level 2 of the Texas Rules of Civil Procedure, Rule 190.4. Pursuant to Rule 47, Plaintiff seeks monetary relief of more than $250,000.

**Parties**

2. Plaintiff is a Texas Limited Partnership doing business in Sherman, Grayson County, Texas.

3. AMTRUST Insurance Company is a foreign fire and casualty insurance company, domiciled in Delaware, and may be served by serving its registered agent as follows:

> **United Agent Group, Inc.**
> **5444 Westheimer Road**
> **Ste 1000**
> **Houston TX 77056-5318**

## JURISDICTION AND VENUE

4. This Court has jurisdiction over these causes of action in that it involves an amount in controversy within the original jurisdiction of this Court. Defendant engaged in the business of insurance in the State of Texas and Plaintiff's cause of action arose out of Defendant's business activities in the State of Texas.

5. Venue is proper in this County pursuant to Texas Civil Practice & Remedies Code, §15.002 as Grayson County, Texas is where all or a substantial portion of the events took place, and pursuant to Texas Civil Practice & Remedies Code, Section §15.032 as Grayson County, Texas is where the Property is located.

## FACTS

6. AMTRUST issued its insurance policy which included coverage for business interruption effective February 3, 2021, to February 3, 2022, insuring Plaintiff's restaurant located at 115 S. Travis Street, Sherman, Grayson County, Texas ("Restaurant").  During all relevant times herein, AMTRUST's policy of insurance was in full force and effect.

7. On October 31, 2021, a fire caused extensive damage to Plaintiff's Restaurant. The restaurant was located inside Kelly Square, which is a two-story, 100-year-old historic building in downtown Sherman, Texas. As of the present date, neither Kelly Square nor Fulbelli's restaurant has been repaired. The Business Income provision of the Policy under Additional Coverage states:

> (b) We will only pay for ordinary payroll expenses for 60 days following the date of direct physical loss or damage unless a greater number of days is shown in the Declarations.
> ***
> (d) Ordinary payroll expenses:
>     (i) Mean payroll expenses for all your employees except:
>         i. Officers;
>         ii. Executives;

8.  The fire occurred on a Sunday, and a few days later, Plaintiff sought clarification from AMTRUST about several policy coverage provisions, including whether Officers' and Executives' payroll, i.e., Management and Ownership salaries, were covered under the Policy. Plaintiff needed clarification to know if Plaintiff continued to make payroll for salaried Officers and Executives, that payroll would be covered and reimbursed by AMTRUST. Otherwise, Plaintiff would have to lay off salaried staff. Plaintiff had conversations with Allen Jones, AMTRUST'S Complex Specialty Claims Adjuster, on this specific issue and Allen Jones represented to Plaintiff's owner Heather LaRose, that Management and Ownership salaries were not limited to the 60 days, and their salaries would be covered until repairs were completed and the restaurant reopened. Plaintiff also asked Blake Eubanks, it's insurance agent who was responsible for getting the AMTRUST Policy, about this issue to make sure Management and Ownership salaries were covered before Plaintiff paid those salaries.

9.  On November 5, 2021, Allen Jones of AMTRUST responded and again represented:

> Management and Ownership are not limited to the 60 days, they are paid their salary for the length of time it takes to get the building repairs completed.

10. Based on this representation, Plaintiff continued to pay Management and Ownership salaries through April 2023. AMTRUST misrepresented the scope of the Policy's coverage by representing Management and Ownership salaries are paid "for the length of time it takes to get the building repairs completed". A representation that Plaintiff detrimentally relied on as Plaintiff continued to pay Management and Ownership salaries beyond what AMTRUST now asserts was a 12-month limitation.

11. Plaintiff provided all items, statements, management payroll records, and documentation supporting paid Management and Ownership salaries. Despite having received all requested

records and documentation, AMTRUST denied coverage that it had previously represented would be covered, and which Plaintiff detrimentally relied on. AMTRUST has failed to pay the full extent of Management and Ownership salaries for "the length of time it takes to get the building repairs completed".

12. Based on AMTRUST's representation to Plaintiff that paid Management and Ownership salaries are coverage for "the length of time it takes to get the building repairs completed," Plaintiff continued to pay Management and Ownership salaries through April 30, 2023. Despite Plaintiff's Notice and Demand to AMTRUST of its underpayment of the claim and violations of the Texas Insurance Code's Unfair Settlement Practices Act, AMTRUST failed to pay for Management and Ownership salaries that Plaintiff paid through April 30, 2023, and that were due and owing.

13. Plaintiff has given its complete cooperation in this claim and has complied with all the conditions precedent for recovery under the insurance Policy as a result of the Loss.

## BREACH OF CONTRACT
## §542.051 PROMPT PAYMENT OF CLAIM VIOLATION

14. AMTRUST has breached its policy of insurance by failing to pay for the full measure of damages resulting from the Loss. As a result of this breach of contract, Plaintiff has suffered damages for which Plaintiff now sues in an amount to be determined by the trier of fact.

15. AMTRUST has violated the Texas Insurance Code by failing to meet its obligations under Prompt Payment of Claim statute §542.055-§542.060, including failing to timely acknowledge Plaintiff's claim, begin an investigation of Plaintiff's claim, and request all information reasonably necessary to investigate Plaintiff's claim within the time period mandated by statute. Plaintiff hereby sues for statutory penalty interest and attorney fees as provided by statute. The remedies provided hereunder are in addition to any other remedies provided by any other law or common law.

## VIOLATION OF THE TEXAS INSURANCE CODE: MISREPRESENTATIONS REGARDING POLICY AND UNFAIR SETTLEMENT PRACTICES

16. AMTRUST's conduct constitutes multiple violations of the Texas Insurance Code, including Sections 541.051, §541.061, §541.060 and §542.003. All violations under this article are made actionable by TEX. INS. CODE §541.151.

17. AMTRUST engaged in unfair or deceptive act or practice in the business of insurance by misrepresenting the coverage terms its insurance Policy. TEX. INS. CODE §541.051.

18. AMTRUST engaged in unfair or deceptive act or practice in the business of insurance by misrepresenting its insurance Policy by: (1) making an untrue statement of material fact; (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact; (4) making a material misstatement of law; or (5) failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of this code. TEX. INS. CODE §541.061.

19. AMTRUST's unfair settlement practice of misrepresenting to Plaintiff material facts relating to the coverage at issue constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

20. AMTRUST's unfair settlement practice of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

21. AMTRUST's unfair settlement practice of failing to promptly provide the Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the

denial of the claim or for the offer of a compromise settlement of Plaintiff' claim constitutes a violation of TEX. INS. CODE 541.060(a)(3).

22. AMTRUST's unfair settlement practice of refusing to pay Plaintiff's claim without conducting a reasonable investigation constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).\

23. AMTRUST's unfair settlement practice of knowingly misrepresenting to Plaintiff pertinent facts or policy provisions related to coverage at issue constitutes a prohibited unfair claim settlement practice and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE 542.003(b)(1).

24. AMTRUST's unfair settlement practice of failing to acknowledge with reasonable promptness pertinent communications relating to Plaintiff's claim arising under the policy constitutes a prohibited unfair claim settlement practice and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE 542.003(b)(2).

25. AMTRUST's unfair settlement practice of failing to adopt and implement standards for the prompt investigation of claims arising under their policies of insurance constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE 542.003(b)(3).

26. AMTRUST's unfair settlement practice of not attempting in good faith to affect a prompt, fair, and equal settlement of Plaintiff's submitted claim in which liability had become reasonably clear constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE 542.003(b)(4).

27. AMTRUST's unfair settlement practice of offering substantially less than the amount due on Plaintiff's claim, compelling Plaintiff to institute this lawsuit to recover the amount due under

the Policy, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE 542.003(a)(5).

### VIOLATIONS OF DECEPTIVE TRADE PRACTICES ACT AND TEXAS INSURANCE CODE

28. Plaintiff adopts the preceding paragraphs as if fully set forth herein.

29. The actions, omissions, and conduct of Defendant AMTRUST are violations of the Texas Deceptive Trade Practice Acts ("DTPA"), §17.46(b)(12) and §17.50(a)(4) and Texas Insurance Code, as enumerated above, for which Plaintiff now makes a claim for its economic damages and reasonable and necessary attorney fees for which Plaintiff now sues.

30. One or more of these acts or omissions were knowingly and intentionally made and each of which acts or omissions are in violation of the expressed terms of the DTPA and Texas Insurance Code and Plaintiff is entitled to three (3x) times the amount of it actual damages.

### KNOWLEDGE

31. Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

### CONDITIONS PRECEDENT

32. All conditions precedent to filing this action have occurred or have been performed or excused.

### ATTORNEY FEES

33. Further, Plaintiff has been required to engage the services of the undersigned attorney and has agreed to pay its attorney a reasonable fee for services expended and to be expended in the prosecution of Plaintiff's claims against Defendant AMTRUST through the trial court and all levels of the appellate process.

## JURY DEMAND

34. Plaintiff requests that a jury be convened to try the factual issues in this action.

## PRAYER

**WHEREFORE PREMISES CONSIDERED,** Plaintiff requests judgment against AMTRUST for its actual economic damages, statutory damages, punitive or exemplary damages, attorney fees, and such other relief to which Plaintiff may be justly entitled.

        RESPECTFULLY SUBMITTED,
        **HUBBLE ♦ PISTORIUS**

    By:   /s/ John L. Hubble
            John L. Hubble
            State Bar No. 10144650

            CAMPBELL CENTRE I NORTH TOWER
            8350 North Central Expwy, Suite 1310
            Dallas, Texas 75206
            (214) 361-1262 (telephone)
            (214) 373-3455 (facsimile)
            johnhubble@hubblelaw.com